UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
RAINIER YIZAR, :
              Plaintiff, :
               :
v. :
               :
CITY OF NEW ROCHELLE; POLICE :
OFFICER EMANUEL GONZALEZ; POLICE : **OPINION AND ORDER**
SERGEANT KIMBERLY DINIZ; POLICE :
OFFICER CHRISTOPHER DELGROSSO; : 17 CV 9771 (VB)
POLICE OFFICER ANTHONY D'ANGELO; :
POLICE OFFICER PAUL D'ERASMO; and :
JOHN AND JANE DOES 1–10, in their official :
and individual capacities, all unknown entities, :
jointly and severally, :
              Defendants. :
------------------------------------------------------------x

Briccetti, J.:

      Plaintiff Rainier Yizar, proceeding pro se and in forma pauperis, brings this action against the City of New Rochelle (the "City"), police officers Emanuel Gonzalez, Christopher DelGrosso, Anthony D'Angelo, and Paul D'Erasmo, Sergeant Kimberly Diniz, and John and Jane Does 1–10.[1] A liberal reading of plaintiff's complaint suggests claims of false arrest, malicious prosecution, and conspiracy under 42 U.S.C. § 1983.[2]

      Now pending is defendants' motion to dismiss the complaint pursuant to Rule 12(b)(6). (Doc. #8).

      For the following reasons, defendants' motion is GRANTED.

      The Court has subject matter jurisdiction under 28 U.S.C. § 1331.

---

[1] DelGrosso was incorrectly sued as Christopher "DelGrasso"; D'Erasmo was incorrectly sued as Paul "D'eGrassio"; and Diniz was incorrectly sued as Diniz Kimberly.

[2] Plaintiff asserts he does not bring a malicious prosecution claim. However, in an abundance of caution, the Court addresses malicious prosecution below.

1

**BACKGROUND**

For the purpose of ruling on the motion to dismiss, the Court accepts as true all well-pleaded factual allegations in the complaint, and draws all reasonable inferences in plaintiff's favor, as summarized below.

Plaintiff's complaint is sparse. Essentially, plaintiff alleges on May 12, 2017, he was talking to a friend when Gonzales, a plain-clothes off-duty police officer, approached "at a fast walk" and arrested plaintiff "for domestic violence." (Compl. at 5).[3] According to plaintiff, Gonzales said he was choking a woman named Stephanie Little. Plaintiff states he was then taken to the police precinct and charged with "Criminal Obstruction of Breathing or Blood Circulation by Applying Pressure" and "Harassment in the Second (2nd) Degree (Physical Contact)." (Id.). Plaintiff asserts those charges were later dismissed because of a "phony claim of probable cause." (Id. at 6).

However, plaintiff's complaint refers to several case reports by their case report numbers, which the Court can therefore consider on the instant motion to dismiss. See DiFolco v. MSNBC Cable L.L.C., 622 F.3d 104, 111 (2d Cir. 2010) ("a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint."). The case reports contain police reports and witness statements, and tell a more complete picture of the events leading up to plaintiff's arrest. Plaintiff calls the case reports "total lies." (Compl. at 5).

According to Little's witness report, on May 12, 2017, she "had a disagreement with [plaintiff] about him not paying her cab to get home." (Doc. #9 ("Loomba Decl.") Ex. D). Little

---

[3] "Compl. at __" refers to the automatically generated page numbers at the top of electronically filed documents.

told plaintiff she was "going to go to his house and tell his girlfriend about me and him." (Id.). As Little started across the street toward plaintiff's house, he screamed at her and put his hands around her neck.

Gonzalez, seeing plaintiff "forcefully grab Stephanie Little by her throat with both hands," yelled to plaintiff that he was a police officer and to let go of Little. (Loomba Decl. Ex. F). Plaintiff released Little, who ran toward Gonzalez. Plaintiff chased her and Gonzalez attempted to cut him off, again identifying himself as a police officer. As Gonzalez reached to grab his badge, plaintiff told Gonzalez he did not care who he was and hit Gonzalez with a glass wine bottle above his left eye. Plaintiff continued to punch and kick Gonzalez until some people intervened, at which point Gonzalez called the police.

Six police officers responded to Gonzalez's call, including DelGrosso and D'Erasmo. Gonzalez described the incident to the officers, and Little gave the officers plaintiff's home address and described what he was wearing. The officers also spoke to a third witness, who largely confirmed Little and Gonzalez's descriptions.

While DelGrosso documented the scene, four officers pursued plaintiff. They found plaintiff "sweating profusely," with blood on his sneakers, and wearing the same clothes described by Little. (Loomba Decl. Ex. C at 6). Plaintiff was "extremely uncooperative during questioning and acting aggressive towards officers." (Id.). The officers placed him under arrest. Before they transported him to the precinct, DelGrosso searched plaintiff and located a bag of loose marijuana in his wallet. At the precinct, officers attempted to remove plaintiff's sneakers; plaintiff "then proceeded to lick his fingers with his tongue and attempted to remove the blood from his sneakers." (Id. at 3).

Plaintiff was booked by Diniz and charged with assault in the second degree (N.Y. Penal Law § 120.05); criminal possession of a weapon in the fourth degree with intent to use (id. § 265.01); tampering with physical evidence (id. § 215.40); and unlawful possession of marihuana (id. § 221.05). The charges were later dismissed.

**DISCUSSION**

I.   Legal Standard

In deciding a Rule 12(b)(6) motion, the Court evaluates the sufficiency of the operative complaint under the "two-pronged approach" articulated by the Supreme Court in Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). First, plaintiffs' legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the assumption of truth and are thus not sufficient to withstand a motion to dismiss. Id. at 678; Hayden v. Paterson, 594 F.3d 150, 161 (2d Cir. 2010). Second, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 556 U.S. at 679.

To survive a Rule 12(b)(6) motion, the allegations in the complaint must meet a standard of "plausibility." Ashcroft v. Iqbal, 556 U.S. at 678; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 564 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 556).

The Court must liberally construe submissions of pro se litigants, and interpret them "to raise the strongest arguments that they suggest." Triestman v. Fed. Bureau of Prisons, 470 F.3d

4

471, 474 (2d Cir. 2006) (per curiam) (internal quotation marks and citation omitted). Applying the pleading rules permissively is particularly appropriate when, as here, a pro se plaintiff alleges civil rights violations. See Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008). "Even in a pro se case, however . . . threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010) (internal quotation marks and citation omitted). Nor may the Court "invent factual allegations" plaintiff has not pleaded. Id.

II. Qualified Immunity

Defendants are entitled to qualified immunity on plaintiff's claims for false arrest and malicious prosecution because defendants had arguable probable cause to arrest and charge plaintiff.[4]

Qualified immunity shields government officials whose conduct "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982) (citations omitted). The scope of qualified immunity is broad, and it protects "all but the plainly incompetent or those who knowingly violate the law." Malley v. Briggs, 475 U.S. 335, 341 (1986). "Defendants bear the burden of establishing qualified immunity." Garcia v. Does, 779 F.3d 84, 92 (2d Cir. 2015). "[U]sually, the defense of qualified immunity cannot support the grant of a Rule 12(b)(6) motion for failure to state a claim upon which relief can be granted." Hyman v. Abrams, 630 F. App'x 40, 42 (2d Cir. 2015) (summary order).[5]

---

[4] The Court assumes for purposes of this motion that D'Angelo—about whom plaintiff pleaded no facts—and Gonzalez participated in plaintiff's arrest and charging.

[5] Because plaintiff is proceeding pro se, he will be provided with copies of all unpublished opinions cited in this ruling. See Lebron v. Sanders, 557 F.3d 76, 79 (2d Cir. 2009).

5

"The issues on qualified immunity are: (1) whether plaintiff has shown facts making out violation of a constitutional right; (2) if so, whether that right was 'clearly established;' and (3) even if the right was 'clearly established,' whether it was 'objectively reasonable' for the officer to believe the conduct at issue was lawful." Gonzalez v. City of Schenectady, 728 F.3d 149, 154 (2d Cir. 2013) (quoting Taravella v. Town of Wolcott, 599 F.3d 129, 133–34 (2d Cir. 2010)).

> For false arrest and malicious prosecution claims, an officer's probable cause determination is 'objectively reasonable' provided there was 'arguable' probable cause. Arguable probable cause [to arrest] exists if either (a) it was objectively reasonable for the officer to believe that probable cause existed, or (b) officers of reasonable competence could disagree on whether the probable cause test was met." Arguable probable cause to charge exists where, accounting for any new information learned subsequent to an arrest, 'it was not manifestly unreasonable for [the defendant officer] to charge [the plaintiff].'

Arrington v. City of New York, 628 F. App'x 46, 49 (2d Cir. 2015) (summary order) (internal citations omitted) (alterations in original).

"Probable cause exists when one has knowledge of, or reasonably trustworthy information as to, facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that an offense has been or is being committed by the person to be arrested." Betts v. Shearman, 751 F.3d 78, 82 (2d Cir. 2014) (internal quotation omitted). Moreover, "probable cause exists if a law enforcement officer 'received [ ] information from some person, normally the putative victim or eyewitness, unless the circumstances raise doubt as to the person's veracity. The reliability or veracity of the informant and the basis for the informant's knowledge are two important factors.'" Id. (internal quotation omitted) (alterations in original).

Here, it was objectively reasonable for defendants to believe probable cause existed. Three witnesses, including a fellow officer on the scene, stated plaintiff had choked Little and fought with Gonzalez, and there are no factual allegations impinging on the witnesses' reliability or veracity. Moreover, when the officers found plaintiff, he was uncooperative, sweating

6

profusely, matched the description Little had provided to the officers, and had marijuana in his pocket and blood on his sneakers, which he later attempted to rub off.

Plaintiff argues the officers lacked probable cause because the charges against him were later dismissed. Plaintiff's argument fails because even if defendants lacked probable cause, it was objectively reasonable for defendants to believe probable cause existed.

The rest of plaintiff's arguments asserted in his opposition to defendants' motion to dismiss are plainly without merit.

Accordingly, defendants are entitled to qualified immunity, and plaintiff's claims for false arrest and malicious prosecution are dismissed.

III. Conspiracy

To survive a motion to dismiss on a Section 1983 conspiracy claim, plaintiff must allege: (i) "an agreement between two or more state actors or between a state actor and a private entity;" (ii) "to act in concert to inflict an unconstitutional injury;" and (iii) "an overt act done in furtherance of that goal causing damages." Pangburn v. Culbertson, 200 F.3d 65, 72 (2d Cir. 1999). Although "[a] plaintiff is not required to list the place and date of defendants['] meetings and the summary of their conversations when he pleads conspiracy, [] the pleadings must present facts tending to show agreement and concerted action." Concepcion v. City of New York, 2008 WL 2020363, at *3 (S.D.N.Y. May 7, 2008) (internal quotation omitted) (alterations in original). "[C]onclusory allegations of a § 1983 conspiracy are insufficient." Pangburn v. Culbertson, 200 F.3d at 72 (internal quotation omitted). "[U]nder the intracorporate conspiracy doctrine, officers, agents and employees of a single corporate entity are legally incapable of conspiring together." Hartline v. Gallo, 546 F.3d 95, 99 n.3 (2d Cir. 2008)) (internal quotation omitted).

There can be no conspiracy among the officer defendants because they are all employed by the City of New Rochelle. Moreover, plaintiff has not alleged any facts tending to show agreement and concerted action between defendants.

Accordingly, plaintiff's conspiracy claim is dismissed.

IV. Monell

Liberally construed, plaintiff asserts a claim under Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978) against the City.

Plaintiff's Monell claim against the City fails because plaintiff fails to allege a policy or custom.

Under Monell, a municipality is liable under Section 1983 only "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the [plaintiff's] injury." Monell v. Dep't of Soc. Servs., 436 U.S. at 694. Thus, to assert a Section 1983 claim against the County, plaintiff must show the existence of an official policy or custom that caused injury and a direct causal connection between that policy or custom and the deprivation of a constitutional right. Jones v. Town of E. Haven, 691 F.3d 72, 80 (2d Cir. 2012).

A plaintiff may satisfy the "policy or custom" requirement by alleging one of the following: (i) "a formal policy officially endorsed by the municipality"; (ii) "actions taken by government officials responsible for establishing the municipal policies that caused the particular deprivation in question"; (iii) "a practice so consistent and widespread that, although not expressly authorized, constitutes a custom or usage of which a supervising policy-maker must have been aware"; or (iv) "a failure by policymakers to provide adequate training or supervision to subordinates to such an extent that it amounts to deliberate indifference to the rights of those

who come into contact with the municipal employees." Brandon v. City of New York, 705 F. Supp. 2d 261, 276–77 (S.D.N.Y. 2010).

Plaintiff has not alleged any facts to satisfy the policy or custom requirement.

Accordingly, plaintiff's Monell claim against the City is dismissed.

V.     State Law Claims

To the extent plaintiff's complaint can be read as asserting state law claims, the Court declines to exercise supplemental jurisdiction over them. See 28 U.S.C. § 1367(c)(3).

Plaintiff's state law claims, to the extent he asserts them, are dismissed without prejudice.

VI.    Leave to Amend

Fed. R. Civ. P. 15(a)(2) instructs that courts "should freely give leave" to amend a complaint "when justice so requires." Liberal application of Rule 15(a) is warranted with respect to pro se litigants who "should be afforded every reasonable opportunity to demonstrate that [they have] a valid claim." Matima v. Celli, 228 F.3d 68, 81 (2d Cir. 2000) (quoting Satchell v. Dilworth, 745 F.2d 781, 785 (2d Cir. 1984)). District courts "should not dismiss [pro se complaints] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000) (quoting Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795 (2d Cir. 1999)).

However, leave to amend may "properly be denied for . . . 'futility of amendment.'" Ruotolo v. City of N.Y., 514 F.3d 184, 191 (2d Cir. 2008) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)). This is true even when plaintiff is proceeding pro se. See Martin v. Dickson, 100 F. App'x 14, 16 (2d Cir. 2004) (summary order).

9

Here, repleading would be futile because the problems with plaintiff's complaint are substantive. As discussed above, defendants are entitled to qualified immunity. See Johnson v. Dobry, 660 F. App'x 69, 71 (2d Cir. 2016) (summary order) (holding amendment would have been futile because an officer was entitled to qualified immunity as demonstrated on the face of the complaint).

Accordingly, the Court declines to grant plaintiff leave to amend.

VII.   Documents to Be Filed Under Seal

Defendants electronically filed redacted copies of Exhibits B–F, consisting of case reports, police reports, and witness statements, and requested those documents be filed under seal "out of an abundance of caution." (Loomba Decl. ¶ 6).

Defendants have not made a showing for the documents to be filed under seal. See Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119–20 (2d Cir. 2006) (presumption of access applies to judicial documents).

Accordingly, by December 3, 2018, defendants shall either electronically file unredacted versions of Exhibits B–F or move to file them under seal, in which case defendants must make the requisite showing under Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110.

## CONCLUSION

The motion to dismiss is GRANTED.

The Clerk is instructed to terminate the pending motion (Doc. #8) and close this case.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore <u>in</u> <u>forma</u> <u>pauperis</u> status is denied for the purpose of an appeal. <u>See</u> <u>Coppedge v United States</u>, 369 U.S. 438, 444–45 (1962).

Dated: November 26, 2018
      White Plains, NY

                SO ORDERED:

                _____
                Vincent L. Briccetti
                United States District Judge